IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:22-cv-03730-VMC |
| | ) | |
| SEAMUS LUCY, THE HAVEN OF ATHENS, LLC, JOCELYN MARIE MELVIN, and PAUL G. MELVIN, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## RESPONDENT SEAMUS LUCY'S
## RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Respondent Seamus Lucy ("Mr. Lucy") files this Response in Opposition to Petitioner Allstate Insurance Company's Motion for Summary Judgment ("Motion for Summary Judgment") [Doc. 54].

## INTRODUCTION

This is an insurance coverage dispute that stems from a stabbing on May 11, 2021. On that date, Mr. Lucy attended a birthday party at a student residential community in Athens, Georgia known as The Haven of Athens ("The Haven"), which is owned and operated by Respondent The Haven of Athens, LLC. At the time, Respondent Jocelyn Melvin was a tenant at The Haven.

- 1 -

In the midst of an apparent manic episode, Ms. Melvin approached the party with a knife. Unable to retreat or avoid Ms. Melvin's path, Mr. Lucy had no choice but to engage her and try to disarm Ms. Melvin. In the process, he suffered stabbing injuries to his face and hand.

Because Ms. Melvin had acted dangerously in the common areas of The Haven over a long time before the stabbing, Mr. Lucy filed a personal injury lawsuit against The Haven of Athens, LLC in the State Court of Fulton County ("Underlying Lawsuit"). In response to the Underlying Lawsuit, The Haven of Athens, LLC filed third-party claims against Ms. Melvin and her father, Respondent Paul Melvin, for indemnity, contribution, and reimbursement "due to their passive and/or active negligence and gross negligence."

At the time, Allstate had issued a Renter's Policy to the Melvins, with $100,000 in family liability protection limits. Allstate now moves for summary judgment that it owes no duty to defend or indemnify the Melvins under the policy it issued to them.

Allstate's motion should be denied. As explained below, Allstate has not shown that it is entitled to judgment as a matter of law. Rather, because there are issues of fact about Ms. Melvin's interaction with Mr. Lucy that have not been resolved through a final determination on the merits in the Underlying

Lawsuit, Allstate has not shown that coverage is unambiguously excluded under the relevant insurance policy. Its motion for summary judgment should therefore be denied.

**RESPONSE TO STATEMENT OF FACTS**

Mr. Lucy incorporates by reference his response to Allstate's statement of material facts, which is filed with this brief.

**ARGUMENT**

**I. This Court should decline to enter a declaratory judgment until the Underlying Lawsuit and The Haven's third-party claims are resolved through a final adjudication on the merits.**

"Even if an actual controversy exists, the court has substantial discretion in deciding whether to entertain a declaratory judgment action." *Util. Serv. Co., Inc. v. St. Paul Travelers Ins. Co.*, 2007 WL 188237, at *3 (M.D. Ga. Jan. 22, 2007) (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995) ("By the [Declaratory Judgment Act], Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief ...")); *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1330 (11th Cir.2005) (the Declaratory JudgmentAct "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so.").

In this action, Allstate seeks an order declaring that it has no duty to defend or indemnify the Melvins. But "[t]he duty to indemnify, or provide coverage to, an insured party is triggered only when the insured is determined to be liable for damages within the policy's coverage." *Erie Indem. Co. v. Acuity, a Mut. Ins. Co.*, 2006 WL 2048310, at *2 (N.D. Ga. July 19, 2006) (Thrash, J.). Thus, the Eleventh Circuit has "cautioned against the exercise of jurisdiction in suits for declaratory judgment when the question of the apportionment of insurance coverage may never arise due to the lack of a judgment establishing the liability of the insured." *Id.* (citing *Edwards v. Sharkey,* 747 F.2d 684, 686 (11th Cir. 1984). For this reason, district courts in the Eleventh Circuit often decline to declare an insurer's obligations in the absence of a liability determination in the underlying lawsuit. *Id.* (citing *Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.,* 387 F.Supp.2d 1205, 1211 n. 10 (S.D.Ala.2005) (collecting cases); *Great N. Paper Co. v. Babcock & Wilcox Co.,* 46 F.R.D. 67, 70 (N.D.Ga.1968)("The court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur.").[1]

---

[1] *See also Allstate Ins. Co. v. Employers Liab. Assurance Corp.,* 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability until a judgment has been rendered against the insured since, until judgment comes into being, the liabilities are contingent and may

For these reasons, the Court should decline to enter a declaratory judgment until there has been a final resolution on the merits of the Underlying Lawsuit and The Haven's third-party claims against the Melvins.

## II. Allstate's motion for summary judgment should be denied.

This is especially true given the grounds on which Allstate seeks declaratory relief. As explained below, Allstate has failed to that it is entitled to summary judgment based on its alleged coverage defenses.

---

never materialize."); *Canal Ins. Co. v. Cook,* 564 F.Supp.2d 1322, 1325 (M.D. Ala. 2008) ("No court has determined ... whether Bear Creek and McGriff are liable for Cook's injuries; therefore, any determination as to indemnification is premature."); *Smithers Constr., Inc. v. Bituminous Cas. Corp.,* 563 F.Supp.2d 1345, 1349 (S.D. Fla. 2008) ("[A]n insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.") (citations omitted); *Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.,* 387 F. Supp. 2d 1205, 1211–12 (S.D. Ala. 2005) ( "It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability."); *Northland Cas. Co. v. HBE Corp.,* 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) ("Because an insurer's duty to indemnify is dependent on the outcome of the case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim."); *Sphere Drake Ins., P.L. C. v. Shoney's, Inc.,* 923 F. Supp. 1481, 1493 (M.D. Ala.1996) ("Because the duty to indemnify will arise only after the underlying cases are resolved, this contention is premature."); *Great N. Paper Co. v. Babcock & Wilcox Co.,* 46 F.R.D. 67, 70 (N.D.Ga. 1968) ("The court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur. To do so would amount to an advisory opinion.").

"An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract." *Am. Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co., Inc.*, 288 Ga. 749, 750 (2011) (citing *Hunnicutt v. Southern Farm Bureau Life Ins. Co.,* 256 Ga. 611, 612 (1987). The construction of the contract is a question of law for the court. *Deep Six, Inc. v. Abernathy,* 246 Ga. App. 71, 73 (2000).

Courts undertake a "three-step process in the construction of the contract, the first of which is to determine if the instrument's language is clear and unambiguous. *Woody's Steaks v. Pastoria,* 261 Ga. App. 815, 817 (2003). If the language is unambiguous, the court simply enforces the contract according to the terms, and looks to the contract alone for the meaning. *Id.* "But where the policy language is ambiguous, such ambiguities must be strictly construed against the insurer as the drafter of the document." *Federated Mut. Ins. Co. v. Ownbey Enterprises, Inc.*, 278 Ga. App. 1, 5 (2006); *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (1996) (citing O.C.G.A. § 13-2-2(5)'s requirement that an ambiguous contract will be construed strictly against the insurer/drafter and in favor of the insured).

When an insurer seeks to defeat coverage based on a policy exclusion, it bears "the burden of proving that the exclusion is applicable, and the absence of evidence does not prove the exclusion applies." *Dolan v. Auto Owners Ins.*

*Co.*, 333 Ga. App. 601, 603–04 (2015) (citing *Hathaway Dev. Co. v. Am. Empire Surplus Lines Ins. Co.,* 301 Ga. App. 65, 70 (2009)); *see also Am. Strategic Ins. Corp. v. Helm,* 327 Ga. App. 482, 486 (2014) ("[A]n insurer seeking to invoke a policy exclusion carries the burden of proving its applicability in a given case, with the exclusion to be strictly construed against the insurer.").

Finally, it is well-settled law in Georgia that an insurer's duty to defend is a separate obligation that is broader than the duty to indemnify. *See Shafe v. Am. States Ins. Co.*, 288 Ga. App. 315, 317 (2007). The duty to defend arises whenever an underlying complaint *potentially* or *arguably* comes within coverage. As the Supreme Court of Georgia has explained:

> *[T]o excuse the duty to defend the petition must unambiguously exclude coverage under the policy*, and thus, the duty to defend exists if the claim potentially comes within the policy. Where the claim is one of potential coverage, doubt as to liability and insurer's duty to defend should be resolved in favor of the insured.

*Penn-America Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565-66 (1997) (emphasis added). The Supreme Court has instructed that "the insurer is obligated to defend where, as here, the allegations of the complaint against the insured are *ambiguous or incomplete* with respect to the issue of insurance coverage." *Id.,* at 565 (emphasis added). And if there is doubt regarding the ultimate liability in a claim for potential coverage, the duty to defend should

be resolved in favor of the insured. *Johansen v. Liberty Mut. Ins. Co.*, 2012 WL 13029073, at *2 (N.D. Ga. 2012).

Consistent with *Penn-America*, an insurer must defend when the allegations of the underlying complaint are incomplete or do not unambiguously exclude coverage. *See, E.g., Landmark Am. Ins. Co. v. Khan*, 307 Ga. App. 609, 613 (2011) (insurer required to defend where it was at least possible that assault and battery exclusion did not apply); *Nationwide Mut. Fire Ins. Co. v. Somers*, 264 Ga. App. 421, 425 (2003) (insurer required to defend where it was possible that desecration of graves was not intentional); *JNJ Found. Specialists, Inc. v. D.R. Horton, Inc.*, 311 Ga. App. 269, 271 (2011) (defense required where it was possible that liability arose out of or was connected with insured's work).

To determine the duty to defend, the Court must compare "the allegations of the [underlying] complaint with the provisions of the policy." *Landmark Ins. Co. v. Khan*, 307 Ga. App. 609, 611 (2011). This Court's determination of Maxum's duty to defend therefore is limited to the operative complaint in the Underlying Lawsuit and the Maxum Policy. *Penn-America Ins. Co. v. Disabled Am. Veterans, Inc.*, 224 Ga. App. 557, 563 (1997) (court need not "look beyond the complaint and policy language to extrinsic facts in

order to determine whether a duty to defend exists" where the complaint alleges facts within the policy's coverage).

Applying these standards, Allstate has not shown that it is entitled to judgment as a matter of law.

**A. Allstate has not shown that the incident was not an "occurrence" under Coverage X or Coverage Y of the Policy as a matter of law.**

Allstate first argues that Ms. Melvin's interaction with Mr. Lucy does not constitute an "occurrence" under the Policy. *See* Doc. 54-1 at 10-12. But in doing so, Allstate characterizes the incident as an "intentional attack on Respondent Lucy." *Id*. But Allstate cites no competent evidence to support this. Rather, her intent, awareness, and control of her actions on May 11, 2021, are all hotly disputed.

Under Coverage X, the Policy covers "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence[.]" *See* Doc. 54-8 at 38. Under Coverage Y, it covers the reasonable medical expenses "incurred and the services performed within three years from the date of an occurrence causing bodily injury[.]" *Id*. at 40. The Policy then defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful

conditions, during the policy period, resulting in bodily injury or property damage." *See* Doc. 54-8 at 28.

Allstate admits that the Policy does not define the term "accident," but it notes that Georgia courts have defined the term as "an event which takes place without one's foresight or expectation or design." Doc. 54-1 at 10 (citing *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 421 (1995)).

But even applying this definition, Allstate has not shown that the undisputed evidence establishes that the incident between Ms. Melvin and Mr. Lucy was not an "occurrence." The evidence is disputed regarding whether Ms. Melvin *intended* her actions on May 11, 2021. Although Allstate repeats that Ms. Melvin's conduct was "intentional," it fails to cite undisputed evidence in the record to support that contention. In fact, there is plenty of evidence that Ms. Melvin suffered an unexpected manic episode such that she was not in complete control of her faculties. *See* Deposition of Jocelyn Melvin [Doc. 54-2] at 22:4-23:13. Consistent with this evidence, Ms. Melvin denied that her actions were intentional. *See* Doc. 54-7 ¶ 2 (denying that she "acted intentionally towards" Mr. Lucy). And there has been no final determination on the merits that her actions were intentional. In short, whether the incident took place

with Ms. Melvin's "foresight or expectation or design" is a disputed issue of material fact that has yet to be resolved in the Underlying Lawsuit.[2]

According to one treatise, when the resolution of a coverage dispute depends on the resolution of factual disputes that are at issue in the underlying lawsuit, a declaratory judgment should not be entered. *See* Allan D. Windt, 2 Insurance Claims and Disputes § 8:4, Actions by insurer against insured—Resolution of factual and legal issues pertinent to underlying action against insured (6th ed.) (collecting cases).

For these reasons, Allstate has failed to meet its burden on summary judgment of proving that the incident between Mr. Lucy and Ms. Melvin was not an "occurrence" under the Policy. As a result, it has failed to show that it is entitled to a declaratory judgment that it owes no duty to defend or indemnify the Melvins on that basis.

> **B. Allstate has not shown that any exclusion applies with absolute certainty to warrant judgment as a matter of law.**

---

[2] For these reasons, Allstate's cited authority is distinguishable. *See Allstate Ins. Co. v. Neal*, 304 Ga. App. 267, 268 (2010); *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 421 (1995). In neither case did the insured offer material evidence that created an issue of fact as to whether his actions were intentional. Here, the only evidence in the record regarding Ms. Melvin's intent is that she did not act intentionally towards Mr. Lucy.

Allstate also points to the Intentional/Criminal Act Exclusion and the Contract Exclusion argue to argue that it is entitled to judgment as a matter of law. But as noted above, when an insurer seeks to defeat coverage based on a policy exclusion, it bears "the burden of proving that the exclusion is applicable, and the absence of evidence does not prove the exclusion applies." *Dolan v. Auto Owners Ins. Co.*, 333 Ga. App. 601, 603–04 (2015). As the Supreme Court of Georgia has explained:

> *[T]o excuse the duty to defend the petition must unambiguously exclude coverage under the policy*, and thus, the duty to defend exists if the claim potentially comes within the policy. Where the claim is one of *potential* coverage, doubt as to liability and insurer's duty to defend should be resolved in favor of the insured.

*Penn-America Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565-66 (1997) (emphasis added).

The Supreme Court has instructed that "the insurer is obligated to defend where, as here, the allegations of the complaint against the insured are *ambiguous or incomplete* with respect to the issue of insurance coverage." *Id.,* at 565 (emphasis added). And if there is doubt regarding the ultimate liability in a claim for potential coverage, the duty to defend should be resolved in favor of the insured. *Johansen v. Liberty Mut. Ins. Co.*, 2012 WL 13029073, at \*2 (N.D. Ga. 2012).

Here, neither the Intentional/Criminal Act Exclusion nor the Contract Exclusion applies with absolute certainty to warrant judgment in Allstate's favor.

To start, the Intentional/Criminal Exclusion does not unambiguously apply to preclude coverage under the Policy. That exclusion provides that the Policy does not "cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional act or acts or omissions of, any insured person, which are crimes pursuant to the Georgia Criminal Code." Doc. 54-8 at 12-13. As noted above, there is plenty of evidence that Ms. Melvin suffered an unexpected manic episode such that she was not in complete control of her faculties. *See* Deposition of Jocelyn Melvin [Doc. 54-2] at 22:4-23:13. Consistent with this evidence, Ms. Melvin denied that her actions were intentional. *See* Doc. 54-7 ¶ 2 (denying that she "acted intentionally towards" Mr. Lucy). And there has been no final determination on the merits that her actions were intentional *or* criminal. In short, whether the incident was intentional or criminal is a disputed issue of material fact that has yet to be resolved in the Underlying Lawsuit.

Nor does the Contract Exclusion unambiguously apply to preclude coverage under the Policy. The Contract Exclusion in Coverage X excludes coverage for "any liability an insured person assumes arising out of any contract

or agreement." Doc. 54-8 at 40. Allstate argues that the Melvin's potential liability arises only out of the rental agreement that Ms. Melvin had with The Haven. But this is incorrect. The Haven of Athens, LLC's third-party complaint does not rely *solely* on the lease agreement. Georgia law recognizes both common law and contractual indemnification. *City of Coll. Park v. Fortenberry*, 271 Ga. App. 446, 450 (2005). So while a contract *may* give rise to a claim for indemnification, the common law itself also provides a right to indemnification outside of any contract. The Haven's third-party complaint is broadly interpreted to allege both theories of liability. *See generally*, Doc. 54-6 at ¶¶ 24. Therefore, it is possible that the Melvins may be found liable under common law indemnification or contribution apart from the lease.

Again, because the Underlying Lawsuit has been stayed, there has been no final determination on the merits of Mr. Lucy's claims against The Haven or The Haven's third-party claims against the Melvins. Therefore, the nature of the Melvin's ultimately liability has not been established to preclude Allstate's duty to defend or indemnity at this stage.

For these reasons, Allstate has failed to meet its burden on summary judgment of proving that either exclusion applies unambiguously to the facts that are not in dispute. As a result, it has failed to show that it is entitled to

declaratory relief that it owes no duty to defend or indemnify the Melvins on the basis of any exclusions in the Policy.

### C. Allstate has not shown that it is entitled to summary judgment based on the timing of the Melvins' notice.

Allstate next argues that the Melvins' notice to Allstate was untimely. But this argument does not relieve Allstate of its duty to defend or indemnify at this stage.

"Under Georgia law, an insurance policy is construed, if possible, to avoid forfeitures and to provide coverage, so as to advance the beneficial purposes intended to be accomplished by the insurance contract." *Plantation Pipe Line Co. v. Stonewall Ins. Co.*, 335 Ga. App. 302, 310 (2015) (citing *Grange Mut. Cas. Co. v. Snipes,* 298 Ga. App. 405, 408 (2009)). As for notice, "when specified notice is a valid condition precedent to coverage, an insurer is not required to show actual harm from a delay in notice in order to justify a denial of coverage based on such failure of a condition precedent." *Id.* But "where a notice provision is **not** expressly made a condition precedent to coverage of the insurance contract, an insured's failure to comply with the notice provision will result in a forfeiture of coverage *only if the insurer demonstrates that it was prejudiced by the insured's failure.*" *Id.* at 311 (emphasis added).

A notice provision in an insurance policy is "only considered a condition precedent to coverage if it expressly states that a failure to provide such notice will result in a forfeiture of the insured's rights or uses language which otherwise clearly expresses the intention that the notice provision be treated as a condition precedent." *Progressive Mountain Ins. Co.. v. Bishop.*, 338 Ga. App. 115, 117-18 (2016) (citing *Plantation Pipe Line Co.*, 335 Ga. App. at 310). Policy language that merely requires the insured to give notice of a particular event does not by itself create a condition precedent. *Id.*

Here, the Policy's notice provision does not "expressly state that a failure to provide such notice will result in a forfeiture of the insured's rights or uses language which otherwise clearly expresses the intention that the notice provision be treated as a condition precedent." *Bishop*, 338 Ga. App. at 117-18. And Allstate fails to overcome the general rule in Georgia that "whether an insured gave an insurer timely notice of an event or occurrence under a policy generally is a question for the factfinder." *Plantation Pipe Line Co.*, 335 Ga. App. at 306. Because Allstate's motion addresses only the notice issue, it does not address whether the Melvins "may be able to present justification for delay in giving notice, and whether that justification was sufficient," which is a fact-based inquiry for a jury. *Progressive Mountain Ins. Co.*, 338 Ga. App. at 118.

Allstate has failed to meet its burden on summary judgment that the Melvins failed to provide timely and sufficient notice under the Policy. As a result, it has failed to show that it is entitled to a declaratory relief that it owes no duty to defend or indemnify the Melvins.

## **CONCLUSION**

For these reasons, Mr. Lucy asks this Court to deny Allstate's Motion for Summary Judgment.

Respectfully submitted, this 12th day of July, 2023.

          **FELLOWS LABRIOLA LLP**

          s/Stephen T. LaBriola
          Stephen T. LaBriola
          Georgia Bar No. 431026
          slabriola@fellab.com
          Michael Gretchen
          Georgia Bar No. 522171
          mgretchen@fellab.com
          Peachtree Center
          Suite 2400 Harris Tower
          233 Peachtree Street, N.E.
          Atlanta, Georgia 30303
          (404) 586-9200

          *Counsel for Seamus Lucy*

## **TYPE AND FONT CERTIFICATION**

The undersigned certifies that the foregoing complies with Local Rule 5.1(C) regarding typefaces and fonts.

                                                  s/Stephen T. LaBriola
                                                  Stephen T. LaBriola

## CERTIFICATE OF SERVICE

I hereby certify that I have this day e-filed a true and correct copy of the foregoing through the CM/ECF e-filing system, which will automatically serve all counsel of record via electronic mail.

Respectfully submitted, this 12th day of July, 2023.

s/Stephen T. LaBriola  
Stephen T. LaBriola