IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| ALLSTATE INSURANCE COMPANY, | |
|---|---|
| Plaintiff, | Civil Action No. 1:22-cv-03730-VMC |
| v. | |
| SEAMUS LUCY, THE HAVEN OF ATHENS, LLC, JOCELYN MARIE MELVIN, and PAUL G. MELVIN, | |
| Defendants. | |

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss for Improper Forum/Venue. ("Motion," Doc. 14).[1] For the reasons below, the Court will deny the Motion.

**Background**

Plaintiff Allstate Insurance Company ("Plaintiff" or "Allstate") filed this declaratory judgment action seeking a declaration that it is not obligated to provide coverage, indemnity, or a defense to Defendants Jocelyn Marie Melvin or Paul G. Melvin (collectively "Defendants" or the "Melvins") under a Family Liability Protection clause in their rental insurance policy held by Allstate. (Doc.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

1). Allstate also seeks a declaratory judgment that it is not obligated to provide coverage to Defendant Seamus Lucy ("Mr. Lucy") under the Guest Medical Protection clause of the Melvins' rental insurance policy. (*Id.*).

In 2022, Mr. Lucy filed a lawsuit in the State Court of Fulton County (the "State Court Action") against the Haven of Athens (the "Apartment Complex"), an apartment complex in Athens, Georgia after he was allegedly stabbed by Jocelyn Melvin at a birthday party held at the Apartment Complex on or around May 11, 2021. (*Id.* ¶ 11).[2] Mr. Lucy seeks damages for the alleged stabbing. A month after Mr. Lucy filed his lawsuit, the Apartment Complex filed a Third-Party Complaint against the Melvins for indemnity, contribution, reimbursement, and attorney's fees. (*Id.* ¶ 17). Allstate was not named as a party in the State Court Action but received notice of the lawsuit on or around July 14, 2022. (*Id.* ¶ 18). Allstate filed this declaratory action on September 16, 2022.

## Discussion

It is entirely within a court's discretion whether to entertain a case under the Declaratory Judgment Act, 28 U.S.C. § 2201, even if the action properly falls within

---

[2] The Court takes judicial notice of the lawsuit, Case Number 22EV002827, filed in the State Court of Fulton County, Georgia. The State Court Action was stayed on October 4, 2022, pending a resolution of this case. No party filed a copy of the Complaint or any other documents filed in the State Court Action on this Court's docket.

that court's subject matter jurisdiction.[3] *See Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014) (noting "[i]t is well established that district courts have exceptionally broad discretion in deciding whether to issue a declaratory judgment, and the remedy is not obligatory"). The Act gives federal courts the competence to make a declaration of rights, but it does not impose a duty to do so. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).

In enacting the Declaratory Judgment Act, "Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). For that reason, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id.* The Supreme Court has also instructed that "special flexibility is called for in the declaratory judgment context, where the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *United Purchasing Ass'n, LLC v. Am.*

---

[3] Neither party challenges the propriety of the Court's exercise of diversity jurisdiction over the original underlying suit. The Court finds that it has diversity jurisdiction over this matter, based on complete diversity of citizenship and an amount in controversy greater than $75,000.

*Valve, Inc.*, No. 6:08–cv–515–Orl–31GJK, 2008 WL 2557559, at *1 (M.D. Fla. June 20, 2008) (internal quotation marks omitted).

As an initial matter, the Court rejects Defendants' argument that this declaratory action should be dismissed because a jury in the state court action has yet to assess the extent of the Melvins liability to Mr. Lucy. (Doc. 14-1 at 3). *See First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016) (finding the district court abused its discretion by primarily resting its decision on the possibility that the defendant-insured would not be found liable to plaintiff in the state court action). Here, Allstate is seeking a declaration that it has no duty to defend or indemnify the Melvins in the State Court Action. And while it is possible that a jury might not find the Melvins liable for the alleged injuries to Mr. Lucy, determining Allstate's duties at this juncture serves both Allstate and the Melvins. Having disposed of Defendants' argument concerning a jury question as to liability, the Court will consider whether it should exercise its abstention discretion under the Declaratory Judgment Act.

In *Ameritas Variable Life Insurance Co. v. Roach*, the Eleventh Circuit developed a detailed test to guide district courts in their abstention discretion under the Declaratory Judgment Act. 411 F.3d 1328, 1330–31 (11th Cir. 2005). District courts were given nine factors to consider when deciding whether to abstain:

1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

2) whether the judgment in the federal declaratory action would settle the controversy;

3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"— that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

6) whether there is an alternative remedy that is better or more effective;

7) whether the underlying factual issues are important to an informed resolution of the case;

8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* at 1331. No single factor controls — they are "merely guideposts" for a court to consider.

To start, the Court finds that the underlying action is not a parallel proceeding. *Foremost Ins. Co. Grand Rapids v. Susman*, No. 2:20-CV-00095-RWS, 2020 WL 6494196, at *2 (N.D. Ga. Oct. 6, 2020). Like the underlying state court action in *Susman*, the State Court Action here does not involve the same parties and "the issues presented in the underlying action are independent and distinct from the issues presented in this declaratory judgment action." *Id.* Allstate is not a named Defendant in the State Court Action. Rather, it appears that Mr. Lucy is seeking damages from the Apartment Complex for the alleged injuries he sustained in the stabbing incident.[4] Further, the State Court Action does not concern any particular duties Allstate has to defend or indemnify the Melvins under their rental insurance policy.

Notwithstanding the fact that this is not a parallel proceeding, the majority of courts in this District have declined to exercise their abstention discretion where an insurer seeks a declaration regarding its duty to defend or indemnify an insured and the issue is not before the state court. As the district court explained in *Philadelphia Indemnity Insurance Company v. AGCO Corporation*:

> The first factor does not favor abstention. Although Georgia law will control interpretation of the Policy, Georgia does not have a particularly strong interest in deciding the coverage issues properly and exclusively before a federal court. Also, factors two through six

---

[4] As the Parties did not file a copy of the complaint or any other documents on the docket for the Court to review, the Court primarily relies on the Parties' briefing.

> weigh in favor of the Plaintiff. As discussed above, the [u]nderlying [a]ction will not decide any of the coverage issues currently before this Court. This action, however, will determine Philadelphia's duty to defend, an issue *not* before the state court. Rather than cause friction between federal and state jurisdictions, a definitive ruling by this Court about whether [Philadelphia] has a duty to defend or indemnify [Glynn] in the Underlying Action may facilitate disposition of those state court proceedings by eliminating uncertainty as to [Philadelphia's] duties owed to [Glynn]. Finally, factors, seven, eight, and nine do not weigh heavily in favor of abstention. As discussed above, the mere potential for overlap of certain facts does not demand abstention where the parties and issues are not identical. Thus, the *Ameritas* factors do not weigh in favor of dismissal.

No. 1:10-CV-4148-TWT, 2011 WL 2652139, at *3 (N.D. Ga. July 6, 2011) (citations and quotations omitted); *see also Selective Ins. Co. of S.C. v. Bellingrath Town Residences Homeowners Ass'n, Inc.*, No. 1:16-CV-2174-MHC, 2017 WL 3525438, at *4 (N.D. Ga. Mar. 27, 2017) (finding the *Ameritas* factors weighed against the dismissal of a declaratory judgment action where an insurer sought a determination of its duty to defend and indemnify its insured); *Allstate Prop. & Cas. Ins. Co. v. Roberts*, No. 3:14-CV-157-TCB, 2015 WL 11457701, at *2 (N.D. Ga. May 15, 2015) (same); *Susman*, 2020 WL 6494196, at *2 (same).

The Melvins argue that if this Court decides Allstate's declaratory judgment action "it will make factual findings that are highly relevant to Seamus Lucy's bodily injury claim, thereby creating unnecessary entanglement between the state and federal actions." (Doc. 14-1 at 8). But the Court is not persuaded by this

argument because, as Allstate points out in its Response, "the policy exclusion for intentional acts does not require a factual finding that an individual committed a crime, or even that the act rose to the same level of mental capacity as an intentional tort." (Doc. 23 at 9). Nor is the Court persuaded by the Melvins' argument that the seventh, eighth, and ninth *Ameritas* factors tilt in their favor because the State Court is better positioned to handle the issues presented in this declaratory action. (Doc. 14-1). As discussed, coverage under the Melvins' rental insurance policy will not be litigated in the State Court Action. And regardless, this Court "is highly experienced in evaluating Georgia law involving contracts and insurance policies, and the state court will not necessarily be in a better position to evaluate those issues." *Graphic Arts Mut. Ins. Co. v. New Calhoun Auto Auction, Inc.,* No. 4:16-CV-0181-HLM, 2017 WL 3457124, at *5 (N.D. Ga. Mar. 23, 2017). Accordingly, the Court finds that the *Ameritas* factors weigh in favor of exercising jurisdiction in this declaratory judgment action.

## Conclusion

For the reason above, the Court **DENIES** the Defendants' Motion to Dismiss. (Doc. 14).

**SO ORDERED** this 6th day of September, 2023.

                                                   Victoria Marie Calvert
                                                   United States District Judge